# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**MARK A. STALEY,**

      **Plaintiff,**

**v.**                                                                    **Case No: 6:13-cv-250-Orl-31GJK**

**TARGET CORPORATION,**

      **Defendant.**

## ORDER

This matter is before the Court on Plaintiff's Motion to Remand (Doc. 12) and Defendant's opposition thereto (Doc. 17).

Plaintiff filed his Complaint (Doc. 3) in state court on January 14, 2013, alleging that Defendant's negligence caused him to slip and fall on Defendant's premises on June 6, 2009. Plaintiff alleges that he suffered damages in excess of $15,000.00, the jurisdictional threshold for an action in the Florida circuit court. (Doc. 3 at 1).

On August 16, 2010, Plaintiff's counsel sent a 7-page letter to Defendant detailing the extensive damages suffered by Plaintiff, including $83,129.06 in medical expenses incurred through that date as a result of the accident. (Doc. 1-2 at 17). Plaintiff's counsel demanded $500,000 to settle the case. Plaintiff's counsel asserted that that figure was more than reasonable because, *inter alia*, Plaintiff's injuries had "nearly curtailed [his] ability to perform physical activities … as well as those simple tasks essential to everyday life." (Doc. 1-2 at 18). The Plaintiff's Complaint continues in this same vein, including allegations that, as a result of the Defendant's negligence, the Plaintiff:

> suffered bodily injury including a permanent injury to the body as a whole, pain and suffering of both a physical and mental nature, disability, physical impairment, disfigurement, inconvenience, loss of capacity for the enjoyment of life, aggravation of an existing condition, expense of hospitalization, medical and nursing care and treatment, loss of earnings, loss of ability to earn money and loss of ability to lead and enjoy a normal life.

(Doc. 3 at 3). And, lest one conclude that this is just a temporary setback, it is alleged that the Plaintiff's losses "are permanent and continuing in nature within a reasonable degree of medical probability" and that Plaintiff "will suffer these losses in the future".

Incredibly, notwithstanding the above, Plaintiff's counsel now asks the Court to make a determination that this matter does not meet the $75,000.00 threshold for diversity jurisdiction.[1]

Plaintiff's counsel seeks to have it both ways — arguing that a case worth a half million dollars in state court is worth less than $75,000.00 when removed to Federal court.[2] Mere puffery cannot explain such a vast difference. Plaintiff's counsel offers no argument that the figures in his demand letter were the product of accident or mistake, or that changed circumstances have rendered that document a nullity. Rather, it appears that Plaintiff's counsel wants the Court to simply assume that his assessment of the harm suffered by his client was entirely divorced from reality – a blatant falsehood or an egregious exaggeration, buttressed by phony figures.

The Court tends to regard the assertions of counsel with a jaundiced eye, but it is not yet <u>that</u> distrustful. In the absence of evidence to the contrary, the obvious conclusion is that this is yet another[3] borderline-frivolous remand motion filed by attorneys who are convinced that their case, if proven, would satisfy the federal jurisdictional requirement but would rather be in state court. It is a common scenario, and one in which everyone's time is wasted.

---

[1] Diversity jurisdiction is otherwise undisputed.

[2] Plaintiff's counsel declined to accept Defendant's proposal to stipulate that damages would not exceed $75,000.00. (Doc. 17-1).

[3] Judge Dalton recently addressed a similar motion in *DeGeorge v. Geico*, Case No. 6:12-cv-1654, a case that involved the same counsel as in the instant case.

Admittedly, determining whether a case exceeds the $75,000.00 threshold can be problematic in removal situations. But that issue is not even arguably close here. Plaintiff's counsel should know better.

It is **ORDERED** that Plaintiff's Motion at Doc. 12 is DENIED.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on March 22, 2013.

GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Party